# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3836 PSG (JPRx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | Ala T Holdings LLC v. Gary & Janet Kooba | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order REMANDING Unlawful Detainer Action to State Court

On May 22, 2017, Defendants Gary and Janet Kooba removed an unlawful detainer action to this Court. Dkt. # 1. Defendants allege that this Court has supplemental jurisdiction over this unlawful detainer action because Defendant Gary Kooba filed a separate Complaint in federal court alleging federal causes of action on March 17, 2017. *See Kooba v. Selene Finance, L.P. et al.*, CV 17-2127 PSG (JPRx). After reviewing Defendants' notice of removal and the underlying Complaint, however, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id*. Furthermore, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the Complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. *See* Dkt. # 1, Ex. A. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3836 PSG (JPRx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | Ala T Holdings LLC v. Gary & Janet Kooba | | |

The Court also notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The unlawful detainer complaint seeks damages in an amount less than $25,000. Dkt. # 1, Ex. A. Moreover, Defendants have not alleged Plaintiff's citizenship. *See* Dkt. # 1. Therefore, the Court does not have diversity jurisdiction over this matter.

Defendants' notice of removal alleges that removal jurisdiction is proper because there is supplemental jurisdiction based on a case filed by Defendant Gary Kooba in federal court. *See NOR* 2:8-18; Dkt. # 1. A related, pending case is not sufficient grounds for removal. *See Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1992) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); *see also Sonoma Falls Developers, LLC v. Nevada Gold & Casinos Inc.*, 272 F. Supp. 2d 919, 924-25 (N.D. Cal. 2003) ("Supplemental jurisdiction does not provide an independent basis for removal."). The Court must have original jurisdiction over at least one cause of action in the case before exercising supplemental jurisdiction. *See Morales v. Prolease PEO, LLC*, No. CV 11-10389 MMM (JCGx), 2011 WL 6740329, at *4 (C.D. Cal. Dec. 22, 2011) ("'The supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action.' . . . Even though 'such an approach would have the benefits of efficiency.'" (citations omitted)). Thus, there is no federal jurisdiction on the basis of Kooba's related federal case.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this matter and REMANDS the case to state court.

**IT IS SO ORDERED**.